### T. D. BRYSON ET AL. v. J. W. McCOY ET AL.

(Filed 21 December, 1927.)

APPEAL by defendants from *Harding, J.,* at August Term, 1927, of CHEROKEE.

Civil action to remove cloud from title, tried upon the following issues:

"1. Are the plaintiffs, T. D. Bryson, D. R. Bryson and Mary G. Tipton, heirs at law of Col. T. D. Bryson, the owners of the land described in the complaint? Answer: Yes.

"2. Is the tax deed from T. N. Bates, sheriff, to J. E. McCoy, set out in the complaint, dated 9 May, 1907, and registered 1 June, 1907, in Deed Book 19 (48) p. 95, a cloud upon plaintiffs' title to their said lands? Answer: Yes."

From a judgment on the verdict declaring defendants' tax deed void and removing same as cloud on plaintiffs' title, the defendants appeal, assigning errors.

*M. W. Bell for plaintiffs.*
*F. O. Christopher and Edmund B. Norvell for defendants.*

PER CURIAM. We held at the last term in this case, *ante,* 91, that the defendants' tax deed was void for want of sufficient description, and that the statute upon which the defendants stressfully rely, C. S., 8034, applies only to valid tax deeds and has no reference to deeds that are void. *Ex nihilo nihil fit* is one maxim that permits of no exception; it is as constant as it is self-evident. *Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154.

The case has been tried in accordance with our former opinion, hence the verdict and judgment will be upheld.

No error.

---

### BLAKE H. GARRISON, BY HIS NEXT FRIEND, A. J. GARRISON, v. GRIGSBY & COMPANY ET AL.

(Filed 21 December, 1927.)

APPEAL by defendants from *Sink, Special Judge,* at August Special Term, 1927, of BUNCOMBE.

Civil action to recover damages for an alleged negligent injury, tried upon the following issues:

CROW v. ZIMMERMAN.

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by his own negligence contribute to his injuries, as alleged in the answer? Answer: No.

"3. Was the plaintiff injured by the negligence of a fellow-servant, as alleged in the answer? Answer: No.

"4. What damages is the plaintiff entitled to recover? Answer: $2,000."

Judgment on the verdict for plaintiff, from which the defendants appeal.

*Roberts, Young & Lane for plaintiff.*
*B. R. Reynolds and I. W. Cashatt for defendants.*

PER CURIAM. There is no exceptive assignment of error appearing on the record which requires, or would warrant, any interference with the verdict and judgment rendered in the Superior Court. They will, therefore, be upheld.

No error.

---

CHARLES F. CROW AND WIFE, BERTHA B. CROW, v. CALVIN ZIMMERMAN.

(Filed 21 December, 1927.)

APPEAL by plaintiffs from *Parker, J.,* at July Term, 1927, of BUNCOMBE. Affirmed.

*J. Edward Swain and R. Sidney King for plaintiffs.*
*Kitchin & Kitchin and Douglass & Douglass for defendant.*

PER CURIAM. This was a civil action heard in the court below before his Honor, Raymond G. Parker, in which the plaintiffs were seeking injunctive relief against the defendant to prevent him from using the property known as Lots 8, 9 and 10 of Block "A," which defendant had platted and subdivided for commercial purposes. The court below was of the opinion that plaintiffs were not entitled to relief and entered judgment accordingly dismissing the action, from which the plaintiffs appealed to this Court. In this we think there was no error.

Mrs. Janie C. Kimberly owned a tract of land in Buncombe County, North Carolina, containing 8.45 acres, of which she had a plat made showing a subdivision of a portion of the tract into building lots and